SAUNDERS, Judge.
|/The majority opinion affirms the trial court’s ruling granting a Cross-Motion for Summary Judgment in favor of Scientific. The judgment holds that the applicable Lafayette Parish ordinances do not apply to Scientific because the equipment was stored but not “used” within the Parish. I disagree.
As noted in the majority opinion, the jurisprudence supports the proposition that a taxing agency may impose such a use tax. The majority finds, however, that the language of the ordinance at issue does not provide for imposing such a tax. The primary question becomes whether the equipment was “used” within the Parish.
The relevant section of the ordinance reads as follows:
Section 2.01. There is hereby levied from and after December 1, 1965, for the purposes stated in the proposition set forth in the preamble to this resolution, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this Parish, as defined herein;....
The majority opinion suggests that the equipment must be “used” in Lafayette Parish in order to fall within the ambit of the ordinance. On this point we are in agreement. Where we disagree is on the meaning of the word as it is intended in the ordinance.
Central to my concerns in this matter is the disconnect between the generally prevailing notions of the meaning of “use” and its definition as it relates to tax matters.— more specifically, how it is defined by the Louisiana Administrative Code’s section on sales and use tax.
A reading of LAC 61:I.4301(A-B) makes it clear that words and phrases in the Administrative Code shall be construed according to the common usage of the language, except when those words or phrases are “[tjechnical words and phrases” or are defined under LAC 61:I.4301(C). “Use” is so defined:
*1288 |2a. Use under state and local sales or use tax law is intended to include not only the commonly accepted concept of use but also to cover the consumption, the distribution, or the storage, or the exercise of any right of power over tangible personal property. Since tax is imposed on the sale or tangible personal property, use has been defined to specifically exclude property sold at retail in the regular course of business.
It is clear then that the word “use”, when employed in state and local tax law (the Lafayette Parish ordinance), covers the storage or the exercise of any right of power over tangible personal property. This is in contrast with “use” as it is contemplated in the proposed opinion and in the Merriam-Webster dictionary, where it is defined as, “the act or practice of employing something.”
Along with these codal provisions, I find significant the following language used by our Supreme Court in BP Oil Co. v. Plaquemines Parish Government, 93-1109 (La.9/6/94), 651 So.2d 1322, 1328, a case where the operator of a refinery was seeking the refund of overpayments of local use taxes: “Therefore, while a local government can enact use tax legislation without legislative authorization at a rate of up to three percent, the local government must define the terms of the legislation in accordance with the general state laws on use taxes.”
When considering the definition of “use” under the Louisiana Administrative Code coupled with the Louisiana Supreme Court’s language in BP Oil Co., it is inescapable that by storing its out-of-state purchased equipment in a Lafayette Parish warehouse, Scientific’s conduct fell squarely within the scope of the ordinance promulgated by Lafayette Parish. Thus, the taxes paid should not be refunded, and the decision of the trial court should be reversed. It is for these reasons that I disagree with the majority.
Accordingly, I respectfully dissent.